```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
HTT Group, LLC,                                                    :
                                                                   :
                         Plaintiff,                                :
              -v-                                                  :    22-cv-4206 (LJL)
                                                                   :
THE INDIVIDUALS, CORPORATIONS, LIMITED                             :        ORDER
LIABILITY COMPANIES, ) PARTNERSHIPS, AND                           :
UNINCORPORATED ASSOCIATIONS IDENTIFIED                             :
ON SCHEDULE A TO THE COMPLAINT,                                    :
                                                                   :
                         Defendants.                               :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/02/2022

LEWIS J. LIMAN, United States District Judge:

      As set forth in the accompanying Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, the Court has considered and granted Plaintiff's *ex parte* application. The Court's Order modifies the requested relief to restrain the online storefronts from providing services to Defendants only insofar as related to Defendants' infringing listings and offering for sale and/or sale of counterfeit products. This modification is without prejudice to renewing the original request; however, the current application does not support such broad relief. *See Allstar Marketing Group, LLC v. Allstar_Place*, 2021 WL 5047597 (S.D.N.Y. Oct. 28, 2021) (holding that plaintiffs were not entitled to a preliminary injunction that "would restrain third party service providers like eBay from providing *any* services to Defendants' User Accounts and Merchant Storefronts for the pendency of this litigation," thus preventing them from "sell[ing] other products, including products that are non-infringing"). "Injunctive relief should be narrowly tailored to fit specific legal violations" and "an injunction should not impose unnecessary burdens on lawful activity." *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 785 (2d Cir. 1994). "An injunction is overbroad when it seeks to restrain the defendants from engaging in legal conduct, or from engaging in illegal conduct that was not fairly the subject of litigation." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 145 (2d Cir. 2011); *see also Victornox AG v. B&F Sys., Inc.*, 709 F. App'x 44, 51 (2d Cir. 2017) (holding that even though a "party who has once infringed a trademark may be required to suffer a position less advantageous than that of an innocent party, an injunction must nonetheless be narrowly tailored to fit specific legal violations because the district court should not impose unnecessary burdens on lawful activity" (internal quotation marks and citations omitted)).

      SO ORDERED.

Dated: June 2, 2022
       New York, New York

                                             LEWIS J. LIMAN
                                     United States District Judge