UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HTT Group LLC, <br><br> Plaintiff, <br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON THE AMENDED SCHEDULE A TO THE AMENDED COMPLAINT, <br><br> Defendants. | Case No.: 22-cv-4206 |

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO ALL DEFENDANTS

THIS CAUSE came before the Court on the Parties Joint Motion for Entry of Consent Final Judgment and Permanent Injunction as to all Defendants. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises.

Plaintiff, HTT Group LLC ("Plaintiff" or "HTT") and all Defendants ("Defendants") stipulate and consent to the following:

**WHEREAS**, Defendants allegedly adopted and began using trademark in the United States that infringe U.S. Trademark Registration No. 5,434,251 for the "Skull Head" Trademarks (Plaintiff's Trademark");

1

**WHEREAS,** Defendants' alleged use of names and marks which incorporate Plaintiff's Trademark is likely to cause confusion as to source or origin;

**WHEREAS**, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Plaintiffs' good faith prior use of Plaintiff's Trademark, Plaintiff has superior and exclusive rights in and to Plaintiff's Trademark in the United States and any confusingly similar names or marks.

**IT IS STIPULATED, ORDERED, AND ADJUDGED as follows:**

1. The Parties Stipulated Motion, ECF No. 50, is **GRANTED**. Final Judgment is entered in favor of Plaintiff and against Defendants.

2. Defendants and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from:

    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing and/or using Plaintiff's Trademark;

    b. using Plaintiff's Trademark in connection with the sale of any unauthorized goods;

    c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

    d. falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

  e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiff;

  f. using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Trademark in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants;

  g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendants as being those of Plaintiff, or in any way endorsed by Plaintiff;

  h. offering such goods in commerce and from otherwise unfairly competing with Plaintiff;

  i. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe Plaintiff's Trademark; and

  j. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

3. Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation

or failure by Defendants to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

4. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

5. Each party shall bear its own attorney's fees and costs.

6. This Court will retain continuing jurisdiction over this cause to enforce the terms of this permanent injunction.

7. Aliexpress.com ("AliExpress"), Amazon.com Inc. ("Amazon") and eBay Inc. ("eBay") (collectively "third-party platforms) and their related companies and affiliates, shall (1) disburse the funds of Defendants restrained pursuant to the Preliminary Injunction Order, dated July 20, 2022 ECF No. 48 (the "PIO"), as directed by Plaintiff's counsel; (2) upon transfer of the funds to Plaintiff as required herein, shall remove any restraints that were placed on Defendants' accounts pursuant to the PIO; and (3) return Defendants' accounts back to an unrestrained status in accordance with third-party platform's operating procedures and contract for services with Defendants.

**IT IS SO ORDERED.**

DATED: _____8/10/2022_____                                   _____

                                                                Lewis J. Liman
                                                                UNITED DISTRICT COURT JUDGE